UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

PRISCILLA L. WASHINGTON,
    Defendant.

Case No. 2:22-cr-117(22)
JUDGE EDMUND A. SARGUS, JR.

## ORDER

This matter is before the Court on Defendant Priscilla L. Washington's *pro se* letter, which the Court construed as a motion for compassionate release. (ECF No. 1271; *see* ECF No. 1275.) The Court ordered the Government to respond (ECF No. 1275), and the Government did so (ECF No. 1276).

In response, the Government represents that Ms. Washington was released from federal custody around May 16, 2025, at which point she began her term of supervised release. (*Id.*) Ms. Washington was placed in Alvis House as a transition location from the Bureau of Prisons ("BOP"). (*Id.*) The Government acknowledges Ms. Washington's serious health conditions and that the U.S. Probation Office has confirmed such conditions exit. (*Id.*) Due to "these difficulties, the United States would not oppose granting the defendant's motion to the extent of removing the condition that she serve additional time in residential treatment as a part of her supervised release." (*Id.*) Probation does not oppose the removal of such condition.

18 U.S.C. § 3582(c)(1)(A), known as the compassionate release statute, allows a sentencing court to modify a term of imprisonment in certain limited circumstances. But the compassionate release statute does not apply because Ms. Washington was no longer incarcerated when she filed her letter with the Court. Instead, her motion is more accurately construed as one to modify the first special condition of release in her Judgment—"[t]he

defendant shall complete 120 days at Alvis under the direction of her Probation Officer." (ECF No. 914, PageID 4883.)

A district court has wide discretion when imposing terms of supervised release. *See United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006). The rationale for providing a term of supervised release is to assist the transition from prison to liberty, *Johnson v. United States*, 529 U.S. 694, 708–09 (2000), and so supervised release is intended to rehabilitate, rather than punish *United States v. Lewis*, 498 F.3d 393, 397 (6th Cir. 2007). A district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Although a change in circumstances is not explicitly articulated as grounds for modification under § 3583(e)(2), the statute "allows district courts to adjust supervised release conditions to account for new or unforeseen circumstances." *United States v. Faber*, 950 F.3d 356, 359 (6th Cir. 2020); *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997).

As such, Ms. Washington's motion to modify special condition of release one is **GRANTED**. (ECF No. 1271.) Pursuant to Federal Rule of Criminal Procedure 32.1(c)(2), a hearing is not required because "the relief sought is favorable to the person and does not extend the term of probation or of supervised release" and the Government has received notice, had the opportunity to object, and has not done so; rather, the Government consents. Special condition one in the Judgment is removed. (ECF No. 914, PageID 4883.) All other terms and conditions outlined in the Judgment and Commitment Order issued on August 29, 2024 shall remain in full force as previously imposed.

**IT IS SO ORDERED.**

**6/11/2025**                                       s/Edmund A. Sargus, Jr.
**DATE**                                            **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**